UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NYCOLE MCGLAUFLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-467-B-W |
| | ) | |
| RCC ATLANTIC INC., et al. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANTS' RULE 12(f) MOTION TO STRIKE**

The Court denies the Defendants' Rule 12(f) motion to strike the investigative report and disposition of the Plaintiff's Maine Human Rights Commission complaint because it concludes that the Maine Human Rights Act requires the Plaintiff to plead the disposition of the administrative action, that the Defendants themselves affirmatively raised questions about the scope of the administrative investigation and findings, and that there is no likely prejudice from the exhibits to the jury, since the local practice is not to display or admit a civil complaint as an exhibit for jury review.

**I.      STATEMENT OF FACTS**

On September 24, 2009, Nycole McGlauflin filed a complaint against RCC Atlantic, Inc., Rural Cellular Corporation, and Cellco Partnership, claiming that the defendants had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq. by discriminating against her because of her gender. *Compl.* (Docket # 1). On March 2, 2010, the Defendants moved to strike paragraphs 10 and 11 of the Plaintiff's Complaint, asserting that they are "irrelevant, immaterial, and impertinent to this proceeding and are highly prejudicial to the Defendants." *Defs.' Rule 12(f) Mot. to Strike* at

1 (Docket # 11) (*Defs.' Mot.*).  Ms. McGlauflin responded on March 8, 2010.  *Pl.'s Opp'n to Defs.' Rule 12(f) Mot. to Strike* (Docket # 15) (*Pl.'s Opp'n*).

> Paragraphs 10 and 11 of the Complaint allege:
>
> 10.  A MHRC investigator completed an investigation of this case and on April 22, 2009 found reasonable grounds to believe that the Defendants had discriminated against Plaintiff on the basis of sex.  A copy of the Investigator's Report as (sic) attached hereto as Exhibit A.
> 11.  On June 29, 2009, the MHRC found reasonable grounds of sex discrimination.  The MHRC statement of finding is attached hereto as Exhibit B.

*Compl.* ¶¶ 10, 11.  Exhibits A and B are the MHRC Investigator's Report dated April 22, 2009 and the MHRC Statement of Finding dated June 30, 2009.  *Id.* Ex. A, B.

The Defendants' motion is based on the premise that the proceedings before the MHRC are immaterial and impertinent to the Plaintiff's claims and are highly prejudicial to the Defendants.  *Defs.' Mot.* at 3.  They contend that because the Court is not bound by the MHRC findings, the MHRC findings are immaterial and because the exhibits "are likely to confuse the issues in this matter and mislead the jury," they are prejudicial.  *Id.* at 3-4.  They cite case law in which the findings of administrative proceedings before the Equal Employment Opportunity Commission have been struck from complaints.  *Id.*

In her response, Ms. McGlauflin explains that she included the MHRC actions "for the purpose of alleging and establishing that Plaintiff has exhausted her administrative remedies as required by the Maine Human Rights Act ("MHRA")."  *Pl.'s Opp'n* at 1.  She asserts that the First Circuit requires that a plaintiff must adequately plead exhaustion of administrative remedies in a complaint.  *Id.* at 2 (citing *Walton v. Nalco Chemical Co.*, 272 F.3d 13, 20-21 (1st Cir. 2001)).  She points out that the Defendants have asserted as an affirmative defense that she failed to properly pursue, perfect, and exhaust her administrative remedies.  *Id.* at 2-3 (citing *Defs.' Ans. to Compl.* at 11 (Docket # 12)).  She contends that if the Defendants persist in their

affirmative defense of lack of exhaustion of administrative remedies, the MRHC findings would be admissible at any trial, and in any event, Rule 12(f) does not contemplate striking paragraphs in a complaint because the information may be later deemed inadmissible at trial.  *Id.* at 3-4.

## II.   DISCUSSION

Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  A Rule 12(f) motion is directed to the discretion of the court.  *Morell v. United States*, 185 F.R.D. 116, 118 (D.P.R. 1999); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004) (Wright & Miller).  Motions to strike, however, are not favored, since "[m]odern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings."  Wright & Miller § 1382 (2009 Supp.).  In general, a motion to strike should be denied unless it is clear that the challenged matter "can have no possible bearing on the subject matter of the litigation."  *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998) (citation omitted); Wright & Miller § 1382.

Here, the Defendants claim that the MRHC records should be struck because they are immaterial, impertinent, and prejudicial.  *Defs.' Mot.* at 3-4.  "Immaterial" has been defined as a matter "which has no essential or important relationship to the claim for relief or the defenses being pleaded."  Wright & Miller § 1382.  "If part of the challenged material is found to be so connected with the subject matter of the suit that it might be deemed to present a question of law or fact that the district court is obligated to hear and determine, it cannot be stricken as impertinent."  *Id.*

3

With these definitions in mind, the Court denies the Defendants' motion to strike. First, Ms. McGlauflin correctly observes that the First Circuit has interpreted 5 M.R.S.A. §4622(1)(C) as requiring the plaintiff to "'plead[]' the requisite MHRC filing." *Walton*, 272 F.3d at 20-21. Thus, by providing proof of the Maine Human Rights Commission charge and disposition, Ms. McGlauflin was complying with the dictates of the Maine statute.

Second, in their Answer, the Defendants posited two affirmative defenses:

20.  The Complaint exceeds the scope of the Charge of Discrimination which Plaintiff filed with the Maine Human Rights Commission and the Equal Opportunity Commission.

And

21.  Plaintiff is barred from maintaining this action, in whole or in part, because she failed to properly pursue, perfect, and exhaust her administrative remedies.

*Defs.' Ans. to Compl.* at 11.

Second, by raising as affirmative defenses not only whether Ms. McGlauflin had adequately complied with the administrative exhaustion requirement, but also the extent to which she complied with the requirement, the Defendants themselves made the underlying Maine Human Rights Commission report and decision both material and pertinent to the issues in this case. The Defendants are hardly in a position to complain that the Plaintiff has put the exact terms of the administrative investigation and decision before the Court, since they have challenged whether the issues in the civil complaint match the issues in the administrative complaint.

Finally, the Defendants have not demonstrated any prejudice from these allegations. They are concerned that the inclusion of these allegations and exhibits will "mislead the jury." *Defs.' Mot.* at 3-4. As it is not the practice of the Court to admit civil pleadings into evidence, the Defendants' concern for misleading the jury is misplaced. Wright & Miller § 1382 (stating

that "[o]f course, if the complaint will not be submitted to the jury, . . . there is less need to strike. . . ."). As trial approaches, if the Defendants remain concerned about the admissibility of the Maine Human Rights Commission investigative report and conclusions, they are free to file a motion *in limine*. *Oak Hill Realty Trust v. Reed*, Civil Action Docket No. RE-05-20, 2005 Me. Super. LEXIS 75 (Me. Sup. Ct. Oct. 7, 2005) (denying a motion to strike and noting that the movant may file a motion *in limine*).

It is true, as the Defendants have pointed out, that some courts have struck EEOC findings from complaints; the Court finds the cases the Defendants cited in support of their motion to dismiss unconvincing. Some are based on Title VII allegations alone.[1] *Chapman v. Duke Energy Carolinas, LLC*, Case No. 3:09-cv-37-RJC, 2009 U.S. Dist. LEXIS 54568, at *7 (W.D.N.C. Jun. 11, 2009) (stating that a "plaintiff in a Title VII lawsuit is not required to include in the Complaint allegations concerning the EEOC's findings"); *Moss v. Lane Co.*, 50 F.R.D. 122, 127 (W.D. Va. 1970) (stating that "plaintiffs in these suits should allege that they received notice from the EEOC and that voluntary compliance by the employer had not been obtained, but the statements of the findings by the EEOC is highly prejudicial and irrelevant to the present suit"). In *Robinson v. Hospitality Group Mgmt.*, Case No. 5:09-CV-35-DCK, 2009 U.S. Dist. LEXIS 45593 (W.D.N.C. May 14, 2009), the Court was also concerned about the possible prejudicial impact on the jury of the exhibits attached to the complaint, presumably based on a different local practice whereby the complaint and exhibits are displayed at trial or admitted as exhibits. In *Defazio v. River City Brass Band, Inc.*, Civil Action No. 07-546, 2007 U.S. Dist.

---

[1] In *King v. Georgia Power Co.*, one of the cases cited by Defendants, the Court struck the decision of the EEOC because it concluded that the prohibitions of 42 U.S.C. § 2000e-5(a) "relate not to the investigation by the Commission, nor to the findings of reasonable cause but to the endeavors attempting to eliminate the alleged unlawful practices by informal methods of conference, conciliation and persuasion. As a matter of pleading, it would not appear that this document is necessary or relevant in stating a cause of action." 295 F. Supp. 943, 948 (N.D. Ga. 1968).

LEXIS 77753, at *4-5 (W.D. Pa. Oct. 19, 2007), the Court struck the EEOC's determination letter as not being material "to state a cause of action for retaliation under Title VII or the [Pennsylvania Human Rights Act]."

Here, where the Maine Human Rights Act requires a plaintiff to plead the Maine Human Rights Commission findings, where the Defendants themselves have raised an affirmative defense that calls into play the exact nature of the Plaintiff's administrative complaint and the Commission's response, and where the local practice is not to display or admit a civil complaint during trial, the Court declines to strike paragraphs 10 and 11 of the Plaintiff's Complaint.

## III.   CONCLUSION

The Court DENIES the Defendants' Rule 12(f) Motion to Strike (Docket # 11).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2010